CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED
July 26, 2024
LAURA A. AUSTIN, CLERK
BY /s/ Kendra Campbell
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 2:05CR00029 |
| | Case No. 1:06CR00018 |
| v. | **OPINION AND ORDER** |
| **MICHAEL DAVID BEAR,** | JUDGE JAMES P. JONES |
| Defendant. | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Michael David Bear, a federal inmate sentenced by this court, filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Federal Public Defender appointed on Bear's behalf has filed a Supplemental Motion. For the following reasons, I will deny both motions.

I.

The defendant faced charges in this court in two separate cases. In the first case, No. 2:05CR00029, he pleaded not guilty to charges that he conspired to distribute cocaine and related firearms charges. After a jury trial, he was convicted on all charges. In the second case, No. 1:06CR00018, Bear pleaded guilty, pursuant to a written plea agreement, of two counts of using interstate facilities to commit murder for hire. Bear was sentenced in both cases on April 19, 2007, by District

Judge Glen M. Williams. For the drug trafficking and firearms offenses, the court sentenced him to a total of 180 months imprisonment. For the offenses in the second case, the court sentenced him to 240 months imprisonment. Part of the sentence in Case No. 2:05CR00029 was directed to run concurrently with the sentence imposed in Case No. 1:06CR0001, for a resulting effective sentence of 300 months (25 years). Bear did not appeal in either case.

In Case No. 2:05CR00029, the evidence showed that Bear distributed large amounts of cocaine. Moreover, during the conspiracy he possessed two firearms that he used in connection with his drug activities. Even after his arrest, Bear continued distributing drugs despite a promise to cooperate with the authorities. While in pre-trial custody on the first charges, he planned with three hitmen to murder potential witnesses and informants in a separate Tennessee case.

In 2020 Bear filed his first motion seeking compassionate release, claiming that his age, medical conditions, and the ongoing Covid-19 pandemic together constituted extraordinary and compelling circumstances warranting compassionate release. I denied Bear's motion, finding that the 18 U.S.C. § 3553(a) sentencing factors, particularly the need for just punishment given the nature and circumstances of his offense, counseled against granting compassionate release.

In his present effort, Bear argues that his age (71 years) and serious medical conditions, including high blood pressure, Type II diabetes, hypothyroidism, chronic

heart failure, and cellulitis of the leg, warrant compassionate release. He also contends that his rehabilitative efforts, including his clean disciplinary record, maintenance of steady employment, and educational attainments while imprisoned, further warrant compassionate release. The parties agree that Bear has exhausted his administrative remedies.

## II.

Generally, a court may not alter a sentence that has already been imposed. 18 U.S.C § 3582(c). There is, however, an exception for compassionate release. A district court may grant compassionate release to a prisoner if (1) "extraordinary and compelling reasons" exist for early release, (2) the court's decision is consistent with the applicable policy statements contained within the Sentencing Guidelines, and (3) applicable factors listed in 18 U.S.C § 3553(a) weigh in favor of granting compassionate release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022).

In deciding whether a prisoner's reasons for seeking early release are "extraordinary and compelling," the court's discretion is limited by the policy statement at § 1B1.13(b) of the Sentencing Guidelines. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). This provision lists examples of circumstances that qualify as extraordinary and compelling reasons for granting compassionate release. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13(b) (U.S. Sent'g Comm'n 2023).

Three of § 1B1.13(b)'s provisions are relevant to this case: the medical provision, the aging provision, and the catch-all provision.

The medical provision provides in relevant part that an extraordinary and compelling reason for release exists if the defendant is "suffering from a serious physical or medical condition" or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13(b)(1)(B).

Bear has not shown that his medical circumstances warrant his release. It is true that his medical conditions are quite serious. On the other hand, Bear has been receiving ongoing medical care for his ailments, as his medical records attest. Bear claims that his medical care is inadequate. But as the government points out, the comprehensiveness of Bear's medical records strongly suggests that he has received ample medical attention while incarcerated. Moreover, Bear has not provided any basis for the court to call into question the competence or medical judgment of the medical staff at FCI Elkton, where he is incarcerated. The evidence is insufficient for the court to conclude that Bear's medical conditions, however serious, substantially diminish his ability to exercise self-care within the facility. USSG § 1B1.13(b)(1)(B).

The aging provision treats as extraordinary and compelling the circumstance that "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process, and (C) has served at least 10 years or 75 percent of his or her term of imprisonment." USSG § 1B1.13(b)(2).

Bear's age should not change the court's perspective. He has not pointed to any evidence showing that he is experiencing physical or mental deterioration because of the aging process. Serious medical conditions do not suffice for this showing since those conditions may be causally unrelated to the aging process. Indeed, Bear has not called attention to any deterioration in his condition since the denial of his first Motion for Compassionate Release in 2020. Thus, Bear's age does not substantially affect the extraordinary and compelling reasons analysis.

Finally, the catch-all provision treats any reason as extraordinary and compelling if the reason, considered either by itself or in combination with the reasons enumerated in the Guidelines, is "similar in gravity" to such enumerated reasons. USSG § 1B1.13(b)(5). The defendant has not presented any evidence that establishes the existence of additional circumstances of sufficient gravity to warrant compassionate release.

III.

Even if extraordinary and compelling reasons are present, the court must still analyze the § 3553(a) sentencing factors and decide whether those factors weigh in favor of granting compassionate release. *Hargrove*, 30 F.4th at 194. Applicable factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment; the need for adequate deterrence; and the need to protect the public from further criminal acts by the defendant. 18 U.S.C. § 3553(a).

The 3553(a) factors weigh against granting Bear compassionate release. His crimes are reprehensible. Bear preyed upon society by heavily involving himself in a major drug conspiracy to distribute marijuana and cocaine. Instead of taking responsibility for his actions, he decided that murder was the better approach, going so far as to direct a hired assassin to kill any children present during the targets' murders. Presentence Investigation Report ¶ 15, Case No. 1:06CR00018, ECF No. 150. Justice demands that Bear experience the full measure of punishment that the sentencing judge thought appropriate. Moreover, requiring Bear to serve out his full sentence fulfills the goals of deterrence. Finally, although the Bureau of Prisons has given Bear a low security classification, the nature of his crimes makes it difficult to safely conclude that Bear no longer presents a threat to society.

IV.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 177 (Case No. 1:06CR00018), ECF No. 140 (Case No. 2:05CR00029), and the Supplemental Motion for Compassionate Release, ECF No. 188 (Case No. 1:06CR00018), ECF No. 149 (Case No. 2:05CR00029), are DENIED.

    ENTER: July 26, 2024

    /s/  JAMES P. JONES
    Senior United States District Judge